FREDERICK AESCHBACH, complainant,

*v.*

KATE CAMPBELL BAILEY and FREDERICK ALSON GARNER, defendants.

[Decided February 17th, 1932.]

*Messrs. Isaacs & Gunther,* for the complainant.

*Mr. Alexander Simpson,* for the defendant Kate Campbell Bailey.

LEWIS, V. C.

One Garner, originally a defendant in this suit, but who has since died, entered into a contract with the Columbia Amusement Park Company, to sell stock for the corporation on commission. This contract he assigned to his mother, Kate Campbell Bailey, another one of the defendants. Mrs. Bailey brought suit on the claim in common pleas court against the Columbia Amusement Park Company for approximately $5,300 disbursements and $20,000 commissions. She received a verdict for $5,847. Judgment was entered on the verdict and the Columbia Park Company turned over to her attorney, Alexander Simpson, Esq., a check for the amount of the judgment which is still in his hands.

Complainant, Frederick Aeschbach, contends that Garner made a contract with one Schwartz, whereby Garner was to pay to Schwartz one-half of any commissions received by Garner on sales of stock. Schwartz assigned his rights to one Otto Aeschbach, who in turn assigned to complainant. Complainant claims to be entitled to payment of one-half the amount of the judgment, and specifically that Alexander Simpson, Esq., be directed to turn over one-half of the sum in his hands.

Complainant's rights, of course, depend upon those of Schwartz, and they are asserted to be for commissions. Schwartz and the two Aeschbachs were all officers of the Columbia Park Company, and as such they resisted the claim of Mrs. Bailey against the corporation on the ground that Garner was to receive commissions only on stock personally sold by him. Garner did sell some stock and did receive certain checks by way of commission, and there is evidence that the proceeds of these checks were divided between Garner and Schwartz. In the common pleas action the verdict of the jury would indicate that the jury sustained Garner's

claim for disbursements, but found that there was nothing due for commissions. The verdict was a general one, however, there being no differentiation between disbursements and commissions. It is certain, however, that the jury did not expressly find any sum as being due for commissions.

There was no proof in this suit of any sales on which there was a commission due and unpaid to Garner. Since complainant's claim is predicated on such due and unpaid commissions, he has failed to prove any right to share in the proceeds of the judgment.

A decree will be advised dismissing the bill.